# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| HOLLY LYNN JONES, Individually, ) | |
| and HOLLY LYNN JONES, as Next ) | |
| Friend of ECJ, a Minor, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 3:17-cv-00749 |
| v. ) | Chief Judge Crenshaw |
| ) | |
| WFM-WO, INC., D/B/A WHOLE ) | |
| FOODS MARKET, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Pending before the Court in this removed action is Defendant WFM-Wo, Inc. d/b/a Whole Foods Market's ("Whole Foods") Motion to Dismiss (Doc. No. 5), to which Plaintiff Holly Lynn Jones on behalf of herself and her minor child ECJ have filed a response (Doc. No. 13) and Whole Foods has replied (Doc. No. 14). For the reasons that follow, the Motion to Dismiss will be granted in part and denied in part.

## I. Factual Background

The Complaint, originally filed in the Davidson County Circuit Court, alleges the following facts:

On March 18, 2016, Jones went to the Whole Foods Market grocery store on Hillsboro Pike and purchased two slices of "Vegan Garden Pizza" for ECJ, her daughter. ECJ has a "severe nut allergy, including a severe allergy to pecans." (Doc. No. 1-1 Comp. ¶ XI). After eating the pizza slices, ECJ "suffered a severe allergic reaction, resulting in serious and life-threatening injuries" that required hospitalization. (Id. ¶¶ XV, XVI).

1

The pizza was located in Whole Foods' bakery department, where each pizza "was accompanied by specific label/signage identifying each variety of pizza by name and further specifying each variety of pizza's list of ingredients."  (Id. ¶ IX).  Jones had purchased the Vegan Garden Pizza in the past for consumption off-site, "specifically relying upon the label/signage accompanying the same, which specified its contained ingredients – namely that it did not contain certain nuts and/or ingredients derived from nut products."  (Id. ¶ XII).

After ECJ suffered the allergic reaction, Jones contacted the "manager of the prepared food department," who stated that the "Vegan Garden Pizza" had been improperly labeled on the day in question and that it "did, in fact, contain nuts and/or ingredients derived from nuts."  (Id. ¶ XVI). The manager also stated that this occurred because an employee used a taco sauce from the burrito bar that contained "crushed pecans," and that "no labels and/or signage were utilized in warning patrons that the 'Vegan Garden Pizza' contained 'crushed pecans,' nuts and/or ingredients derived from nuts."  (Id.).

Based upon the foregoing allegations, Jones filed suit alleging negligence, negligent supervision, product liability, misbranding of food for consumption, and breach of express warranty. Whole Foods moves to dismiss all claims.

## II. Standard of Review

In considering a motion to dismiss under Rule 12(b)(6), the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007); Inge v. Rock Fin. Corp., 281 F.3d 613, 619 (6th Cir. 2002).  Plaintiff need only provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47 (1957), and the Court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rhodes, 416 U.S. 232 (1974)). Nevertheless, the allegations "must be enough to raise a right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). In short, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679; Twombly, 550 U.S. at 556.

### III. Application of Law

Whole Foods moves to dismiss based upon the following arguments:

1. The vegan pizza was not in a defective or unreasonably dangerous condition as is required to state a products liability claim under Tennessee law because nuts such as pecans are a common, well-known, and essential ingredient in vegan foods;

2. Whole Foods was not required to warn of the presence of pecans in the vegan pizza under the applicable federal law, which expressly preempts any state law to the contrary, including all claims asserted by Plaintiff in this case;

3. Plaintiff fails to state a claim for breach of express warranty under Tennessee law because the Complaint does not allege that Whole Foods made an affirmative representation that the vegan pizza was free of nuts; and

4. Plaintiff is not permitted to recover damages for herself individually for alleged personal injury to ECJ under Tennessee law.

(Doc. No. 5 at 1-2). The Court addresses each argument in turn.

**A. Product Liability and Defective or Unreasonably Dangerous Condition**

To prevail on a claim under the Tennessee Products Liability Act ("TPLA"), Tenn. Code

3

Ann. § 29-28-101, *et seq.*, "a plaintiff must prove that the product was defective and/or unreasonably dangerous." Tatham v. Bridgestone Americas Holding, Inc., 473 S.W.3d 734, 749 (Tenn. 2015). This is because the Act specifically provides that "[a] manufacturer or seller of a product shall not be liable for any injury to a person or property caused by the product unless the product is determined to be in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller." Tenn. Code Ann. § 29-28-105(a).

What constitutes a "product liability action" is broadly defined to include "all actions based upon the following theories: strict liability in tort, negligence, breach of warranty (express or implied), breach of or failure to discharge a duty to warn or instruct, misrepresentation, concealment or non-disclosure, or under any substantive legal theory in tort or contract whatsoever." Id. § 102(6). "Accordingly, whether a plaintiff's claim against a product manufacturer is couched in negligence, strict liability, or breach of warranty, Tennessee courts have held that the plaintiff must establish that the product was defective or unreasonably dangerous at the time the product left the control of the manufacturer." Stockton v. Ford Motor Co., 2017 WL 2021760, at *3 (Tenn. Ct. App. May 12, 2017) (collecting cases).

Whole Foods argues that Jones' claims fail at the outset because nuts are a common staple of a vegan diet and, therefore, having nuts in a vegan pizza does not make it defective or unreasonably dangerous. It quotes Ingram v. Hall, 2009 WL 1971456, at *1 n.1 (M.D. Tenn. July 7, 2009) for the proposition that a vegan is 'a vegetarian who omits all animal products from the diet" and does not eat any "meat, fish, or fowl," and Keesh v. Smith, 2011 WL 1135931, at *6 (N.D.N.Y. Feb. 2, 2011) for the proposition that "[b]ecause vegans do not eat dairy products, including eggs and cheese, they rely upon legumes such as peas, beans, lentils, and soy for protein."

4

Whole Foods also cites cases which basically state that vegan diets commonly include nuts, see e.g., Tatum v. Meisner, 2016 WL 323682, at *7 (W.D. Wisc. Jan. 26, 2016); Cotton v. Cate, 2011 WL 3877074, at *3 (N.D. Cal. Sept. 1, 2011), and points to a Department of Agricultural website (www.choosemyplate.gov/protein-foods) that discusses protein options for vegetarians and vegans, including "beans and peas, processed soy products, and nuts and seeds[.]" Doc. No. 6 at 7-8).

From this, Whole Foods contends that "[t]here is no question that a reasonable consumer would objectively expect that the Vegan Pizza would not contain meat, fish, fowl, or any animal products such as 'honey, eggs, or cheese . . . [or] milk' but that it could contain alternative sources of protein from pecans or other nuts." (Id. at 7). The Court begs to differ.

Under the TLPA, "'[d]efective condition' means a condition of a product that renders it unsafe for normal or anticipatable handling and consumption," and "'[u]nreasonably dangerous' means that a product is dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics[.]" Tenn. Code Ann. § 29–28–102 (2) & (8). "Th[is] consumer expectation test assesses 'whether the product's condition poses a danger beyond that expected by an ordinary consumer with reasonable knowledge.'" Tatham v. Bridgestone Americas Holding, Inc., 473 S.W.3d 734, 750 (Tenn. 2015) (quoting Ray ex rel. Holman v. BIC Corp., 925 S.W.2d 527, 529 (Tenn. 1996)). "Put another way, '[u]nder this test, a product is not unreasonably dangerous if the ordinary consumer would appreciate the condition of the product and the risk of injury.'" Id. If "plaintiff provide[s] sufficient evidence to create a question of fact that the product was 'dangerous,'" then "[t]he general rule in Tennessee is that the issue of whether a product is defective or unreasonably dangerous is one for the jury," and "'the jury is to employ its own sense of whether

5

the product meets ordinary expectations as to its safety under the circumstances presented by the evidence.'" Jackson v. Gen. Motors Corp., 60 S.W.3d 800, 805-06 (Tenn. 2001) (citations omitted).

An ordinary consumer purchasing a slice of vegan pizza may well expect that it would not be topped with pepperoni, sausage or other meats, but the Court cannot say, as a matter of law, that the same consumer would understand that the pizza slice could contain pecan chips. This is particularly so since the container housing the pizza allegedly listed the ingredients, but did not mention nuts. See Cone v. Hankook Tire Co., Ltd., 2017 WL 342003, at *5 (W.D. Tenn. Jan. 23, 2017) ("In Tennessee, inadequate warnings may make a product defective or unreasonably dangerous."); Cline v. Publix Super Markets, Inc., 2015 WL 3650389, at *11 (M.D. Tenn. June 11, 2015) ("[As the Restatement expressly instructs, where a consumer would not reasonably expect to find a major allergen in a product and where the defendant is aware of the allergen's presence in the product, the seller is obligated to issue a warning to consumers.").

Though it suggests otherwise, Whole Foods' argument seems to be premised on the notion that Jones and/or her daughter are vegans and, as such, would recognize that a Vegan Pizza could very well include nuts. Whether they are practicing vegans, however, is not evident from the Complaint. The Court will not dismiss the TPLA claim.

## B. Federal Misbranding Law and Preemption

Whole Foods next argues that it "is exempt from the labeling requirements of the Food Drug and Cosmetic Act, 21 U.S.C. § 301, et seq. ("FDCA") and by extension, the Food Allergen Labeling and Consumer Protection Act, 21 U.S.C. § 343 ("FALCPA")." (Doc. No. 6 at 11). Whole Foods also argues that "[b]ecause the Vegan Pizza was not required to bear a label warning Plaintiff about the presence of pecans under the FALCPA, Plaintiff's state law claims are expressly preempted by

6

21 U.S.C. § 343-1(a)(2) of the FALCPA and should be dismissed with prejudice." (Id. at 9).

Turning to the latter point first, and leaving aside whatever incongruity there may be in arguing that the FALCPA does not apply but also preempts *all* other causes of action, the preemption provision is not as broad as Whole Foods suggests. Rather, the statute provides that "no State or political subdivision of a state may directly or indirectly establish . . . or continue in effect as to any food in interstate commerce – (2) any requirement for the labeling of food of the type required by [specified sections] of this title that is not identical to the requirement of such section." 21 U.S.C. § 343-1(a)(2). This seemingly only preempts state law labeling claims and could encompass a misbranding claim under Tenn. Code Ann. § 53-11-305, assuming the federal statute even applies under the facts alleged in the Complaint.

Under the FALCPA, certain food products are exempt from labeling. These include foods "which is served in restaurants or other establishments in which food is served for immediate human consumption or which is sold for sale or use in such establishments," or "which is processed and prepared primarily in a retail establishment, which is ready for human consumption . . . and which is offered for sale to consumers but not for immediate human consumption in such establishment and which is not offered for sale outside such establishment[.]" 21 U.S.C. § 343 (q)(5)(i)-(ii). Whole Foods insists that the Vegan Pizza at issue was exempt from the labeling requirements because Jones alleges she purchased the pizza in the "bakery department" which she also refers to as the "prepared food department," and that "[t]he Complaint further indicates that the slices of Vegan Pizza purchased by Plaintiff were both 'ready-to-eat' and prepared on-site, as Plaintiff alleges that the manager of Whole Foods' prepared food department informed her that an employee allegedly 'utilized a taco sauce that had been left over from the burrito bar' when making the Vegan

7

Pizza."  (Doc. No. 6 at 11).

The FALCPA and the food exemptions have been the subject of only a handful of cases, two of which were authored by Judge Aleta A. Trauger, and both of those dealt with nuts found in a cookie at a Publix supermarket.  Whole Foods relies upon one of those cases, <u>Cline v. Publix Supermarkets, Inc.</u>, 2017 WL 67945, at *3 (M.D. Tenn. Jan. 6, 2017), for the proposition that the federal regulations underlying the exemptions to the FALCPA apply "to food made on-site at in-store bakeries where they are sold, so long as they are not offered for sale outside of that establishment."  However, that language was in the context of a pending motion for summary judgment, after discovery had been completed.  In fact, Judge Trauger denied a Motion to Dismiss plaintiff's FALCPA claim because, among other things, "the grocery store's bakery appears to be distinct as a general matter from, for instance, a lunch wagon, food truck or vending machine"; "[t]here are not allegations that there was a place to eat on the premises or anywhere near the Publix bakery"; and "[t]he Complaint plausibly alleges that a number of the products sold a Publix bakeries are sold for consumption at home[.]"  <u>Cline v. Publix Supermarkets, Inc.</u>, 2015 WL 3650389, at *6 (M.D. Tenn. June 11, 2015).

Likewise in this case, dismissal of the FALCPA claim would be premature.  The Court does not see anywhere in the Complaint where Jones alleges that the pizza was ready to eat and, in fact, she claims to have purchased Vegan Garden Pizzas from Whole Foods in the past for consumption "off site."  Further, while the Court must accept as true Plaintiff's allegation that the manager said an employee made a mistake by using a burrito sauce, the only thing "true" about this statement is that it was allegedly made, not that the employee actually made the pizza and used the wrong sauce.  Based on the allegations presented, the Court has no way of knowing whether the pizza was "served

8

for immediate human consumption," "sold for sale or use in" or "processed and prepared primarily in" Whole Foods' Hillsboro store, and was "ready for human consumption" as required by 21 U.S.C. § 343 (q)(5)(i)-(ii).

**C. Express Warranty and Affirmative Representation**

"To establish a prima facie claim for breach of an express warranty, a plaintiff must prove that (1) the seller made an affirmation of fact intending to induce the buyer to purchase the goods; (2) the buyer was, in fact, induced by the seller's acts; and (3) the affirmation of fact was false regardless of the seller's knowledge of the falsity or intention to create a warranty." Smith v. TimberPro Inc., 2017 WL 943317, at *3 (Tenn. Ct. App. Mar. 9, 2017) (collecting cases); Body Invest, LLC v. Cone Solvents, Inc., 2007 WL 2198230, at *7 (Tenn. Ct. App. July 26, 2007) (same). Whole Foods argues that "without factual allegations demonstrating that Whole Foods affirmatively represented that the Vegan Pizza was 'nut free,' the Complaint fails to state a claim for breach of express warranty," (Doc. No. 6 at 16), and relies on Strayon v. Wyeth Pharm., Inc., 737 F.3d 378 (6th Cir. 2013) as support for its position.

Strayon is inapposite. There, plaintiffs sued the manufacturers of Reglan, a prescription drug, and metoclopramide, its generic equivalent, for breach of express warranty because the warning labels "failed to strongly warn that the product was not appropriate for [long-term] use." Id. at 395. The Sixth Circuit found this insufficient for a breach of express warranty claim under Tennessee law because plaintiffs did "not identify any affirmation of fact made on the product labeling that they allege to be false; rather, they allege that the labeling was inadequate." Id.

Here, in contrast, Jones alleges that Whole Foods made affirmations of fact, specifically that the Vegan Pizza contained certain ingredients. Under Tennessee law, "[a]ny description of the

9

goods which is made a part of the basis of the bargain creates a warranty that the goods shall conform to the description." Tenn. Code Ann. § 47-2-313(b). "A breach of an express warranty by description under T.C.A. 47-2-313(1)(b) can arise when a seller's incorrect description of the goods induces the buyer to purchase those goods," and would "include a seller representing that its okra seeds were of a particular variety when they were not . . . a seller advertising that its crane could lift 15-20 tons when it was actually a 10-ton crane . . . and a seller representing that a car was new when in actuality it was used." H.B.H. Enterprises, Inc. v. Cates, 1997 WL 76804, at *2 (Tenn. Ct. App. Feb. 25, 1997) (internal citations omitted); see In re Jackson Television, Ltd., 121 B.R. 790, 793 (Bankr. E.D. Tenn. 1990) (collecting cases) ("Courts have held that breach of an express warranty by description can arise when a buyer purchases goods in reliance upon the seller's incorrect description of the goods.").

Jones' allegation here is that Whole Foods described what was in or on the Vegan Garden Pizza and that, in reliance upon said ingredient description, she purchased two slices for her daughter. The pizza she received, however, did not conform to the description because it contained nuts. This is sufficient to state a breach of express warranty claim. See Silva v. Smucker Nat. Foods, Inc., 2015 WL 5360022, at *11-12 (E.D.N.Y. Sept. 14, 2015) (noting that "'[a] food label can create an express warranty,'" applying New York statute virtually identical to Tenn. Code Ann. § 47-2-313(b), and refusing to dismiss express warranty claim where label indicated that drink was "natural" when, in fact, it contained artificial ingredients); Garrison v. Whole Foods Mkt. Grp., Inc., 2014 WL 2451290, at *6 (N.D. Cal. June 2, 2014) (finding that plaintiff sufficiently alleged a breach of express warranty claim where Whole Foods' packaging stated that the product was "All Natural," but contained sodium acid pyrophosphate, a synthetic ingredient); Ebin v. Kangadis Food Inc., 2013

WL 6504547, at *4 (S.D.N.Y. Dec. 11, 2013) (applying New Jersey statute identical to Tennessee's express warranty statute and holding that dismissal was not warranted where product indicated that it was "100% Pure Olive Oil," even though it contained pomace).

## D. Damages for Alleged Personal Injury to ECJ

Finally, Whole Foods moves to dismiss the Complaint to the extent Jones personally seeks to recover damages other than medical expenses or loss of services as a result of the alleged injury to ECJ. In doing so it points out that (1) "the Complaint contains no factual allegations regarding any personal injuries or emotional distress suffered by Plaintiff individually," and (2) "[u]nder Tennessee law, 'when a tort is committed against a child two separate causes of action arise: a cause of action in favor of the parents for loss of services and medical expenses and a separate cause of action in favor of the child for the elements of damage to her, such as pain and suffering.'" (Doc. No. 6 at 16) (quoting Vandergriff v. ParkRidge E. Hosp., 482 S.W.3d 545, 549 n.2 (Tenn. Ct. App. 2015)).

In response, Jones asserts that the "Complaint is clear" and that she only seeks recovery "based upon her 'various pecuniary losses,' which is representative of the medical expenses of the minor-Plaintiff, ECJ." (Doc. No. 13 at 16). The Court takes this to mean that Jones agrees that her personal recovery is limited to medical expenses and loss of services, and that she cannot individually recover for the alleged personal injury and emotional suffering of ECJ. With that understanding, the Court will grant Whole Foods' Motion to Dismiss solely to the extent that it seeks to clarify that point.

## IV. Conclusion

On the basis of the foregoing Whole Foods' Motion to Dismiss will be granted to the extent

11

that Jones' damages are limited to the medical expenses and loss of services incurred as a result of the injury to ECJ, and that ECJ is entitled to recover for her own personal injury and emotional suffering. In all other respects, the Motion will be denied.

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR
CHIEF UNITED STATES DISTRICT JUDGE